UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD CURTIS,

    Plaintiff,

v.

TERRY J. BENDA, *et al.*,

    Defendants.

Case No. C08-5109 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
September 26, 2008**

Before the Court is Defendant William Riley's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. # 11). After Plaintiff filed his response (Dkt. # 16), Defendant Riley filed his reply (Dkt. # 17), in which he concedes that *Heck v. Humphrey*, 512 U.S. 477 (1994) is dispositive on the issue of the statute of limitations issue. For this reason, the undersigned recommends that Defendant Riley's motion to dismiss be denied.

## I. FACTUAL BACKGROUND

Mr. Curtis claims that Defendants Riley and Benda[1] conspired and fabricated evidence to be used in filing criminal assault charges against him in Clallam County Superior Court on December

---

[1] Defendant Terry Benda has not yet been served. (Dkts. # 6, 15).

REPORT AND RECOMMENDATION - 1

3, 2004.  (Dkt. # 4, §§ 41-44, 52).  Mr. Curtis filed his Section 1983 action against Defendant Benda and Riley on February 18, 2008.  (Dkt. # 1).

Defendant Riley moved to dismiss Plaintiff's complaint as time barred because Plaintiff filed his complaint over three years after he alleges the cause of action accrued.  (Dkt. # 11, p. 3). Defendant Riley also argues that Plaintiff makes no allegation of any actions or inactions by Defendant Riley that have occurred since the filing of criminal charges against Plaintiff on Decmeber 3, 2004.  *Id*.

In response, Mr. Curtis argues that he did not discover the fabricated evidence until he was provided discovery from the state prosecutor on March 4, 2005.  (Dkt. # 26, p. 4).   Mr. Curtis also argues that pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), his cause of action did not accrue until 2005, when the state criminal charges were dropped.  *Id*., p. 7.  Mr. Curtis states that on September 8, 2005, the state prosecutor filed an Amended Information officially dropping the criminal charges against him.  *Id*.  Because he filed his case in this Court within three years of that date, his action is therefore timely.  *Id*.  Finally, Mr. Curtis argues that the statute of limitations was tolled due to his imprisonment.  *Id*., pp. 8-9.

As noted above, Defendant Riley concedes that *Heck v. Humphrey*, 512 U.S. 477 (1994) is dispositive on the statute of limitations issue.  Thus, denial of Defendant Riley's motion to dismiss on the statute of limitations issue is appropriate.

## II. CONCLUSION

Defendants concede that the doctrine of *Heck v. Humphries*, 512 U.S. 477 (1994) is dispositive of the statute of limitations issue raised in their motion to dismiss.  Accordingly, the Court recommends that Defendants' motion to dismiss (Dkt. # 11) be **DENIED.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

REPORT AND RECOMMENDATION - 2

72(b), the Clerk of the Court is directed to set the matter for consideration on **September 26, 2008**, as noted in the caption.

DATED this  5th  day of September, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3