DISTRICT JUDGE FRANKLIN D. BURGESS
MAGISTRATE JUDGE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>            Plaintiff,<br><br>v.<br><br>TERRY J. BENDA, et al.,<br><br>            Defendants. | NO. C08-5109-FDB-KLS<br><br>DEFENDANT RILEY'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT |

Defendant William Riley, by and through his attorneys, ROBERT M. MCKENNA, Attorney General, and SARA J. OLSON, Assistant Attorney General, hereby responds to Plaintiff's motion for order granting leave to file amended complaint (Plaintiff's Motion to Amend).

## I.   INTRODUCTION

Plaintiff, James Edward Curtis, filed a 42 U.S.C. § 1983 civil rights action against a former Department of Corrections (DOC) employee, Terry Benda, and Defendant Riley, a current DOC employee. See Complaint. Terry Benda has not been properly served with this lawsuit, as such he is not represented by the undersigned counsel. Exhibit 1, Declaration of Sara J. Olson. Defendant Riley filed an answer in this case on October 9, 2008. Docket No. 21. Plaintiff now moves to amend his Complaint.

DEFENDANT RILEY'S RESPONSE TO
PLAINTIFF'S MOTION FOR ORDER
GRANTING LEAVE TO FILE
AMENDED COMPLAINT
NO. C08-5109-FDB-KLS –FDB-KLS

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## II. ARGUMENT

### A. THE PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED FOR FAILURE TO PROVIDE THE PROPOSED AMENDED COMPLAINT.

The United States Supreme Court has recognized several reasons for a court to legitimately deny leave to amend. Among those are undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

"The liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that courts indulge in futile gestures." Deloach v. Woodley, 405 F.2d 496, 497 (5th Cir. 1968). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646 (9th Cir. 1984); Glick v. Koenig, 766 F.2d 265 (7th Cir. 1985).

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Implicit in the second element is a third element of causation. See Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 286-87, (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 975 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." Parratt, 451 U.S. at 532. That the plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. Davidson v. Cannon, 474 U.S. 344 (1986).

DEFENDANT RILEY'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT
NO. C08-5109-FDB-KLS –FDB-KLS

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

The Plaintiff has not provided any actual language he intends to amend to the complaint or additional claims he intends to raise. It is impossible to properly respond to this motion without knowing what facts or claims he wishes to add. The motion cannot be addressed because it is unknown if the amendments would be futile or it would cause undue prejudice to Defendant Riley. Until the Plaintiff provides a proposed amended complaint, the Court should deny his motion.

### III.   CONCLUSION

Failing to provide a proposed amended complaint impedes Defendant Riley's ability to properly address this motion. As such, Defendant Riley respectfully requests that Plaintiff's motion for order granting leave to file amended complaint be denied.

DATED this 4th day of December, 2008.

ROBERT M. MCKENNA
Attorney General

/s/Sara J. Olson
SARA J. OLSON, WSBA #33003
Assistant Attorney General

DEFENDANT RILEY'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT
NO. C08-5109-FDB-KLS –FDB-KLS

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## CERTIFICATE OF SERVICE

I certify that on the date below I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

TO:

JAMES E. CURTIS, DOC #984533
AIRWAY HEIGHTS CORRECTIONS CENTER
P.O. BOX 2049
AIRWAY HEIGHTS, WA  99001-2049

EXECUTED this 4th day of December, 2008, at Olympia, Washington.

/s/ Kimberly Sobol
KIMBERLY SOBOL

DEFENDANT RILEY'S RESPONSE TO
PLAINTIFF'S MOTION FOR ORDER
GRANTING LEAVE TO FILE
AMENDED COMPLAINT
NO.  C08-5109-FDB-KLS –FDB-KLS

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445