UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD CURTIS,

    Plaintiff,

v.

TERRY J. BENDA, *et al.*,

    Defendants.

Case No. C08-5109FDB/KLS

ORDER GRANTING LEAVE TO AMEND

Before the Court is Plaintiff's motion to amend his Complaint. Dkt. # 23. Having reviewed the motion, the proposed amendments, and Defendant Riley's opposition, the Court finds that the motion should be granted.

## BACKGROUND

The chronology of pertinent events related to Mr. Curtis's motion to amend are as follows: Mr. Curtis filed his original complaint on February 18, 2008, claiming that Defendants Riley and Benda sought to deprive him of his life and liberty without due process of law in violation of his Fourteenth Amendment rights by conspiring and fabricating evidence to be used in filing criminal assault charges against him in Clallam County Superior Court in December 3, 2004. Dkt. # 4. Defendant Riley moved to dismiss the complaint as time barred. Dkt. # 11. Mr. Curtis responded, *inter alia,* that pursuant to *Heck v. Humprhey*, 512 U.S. 477 (1994), his cause of action did not accrue until 2005, when the state criminal charges were dropped. Dkt. # 16, p. 7. Defendant Riley conceded that the *Heck* doctrine was dispositive on the statute of limitations issue, but also

ORDER
Page - 1

complained that Mr. Curtis had not adequately plead a cause of action against him. Dkt. # 17, p. 2 ("Plaintiff simply asserts that his cause of action against Defendant Riley is evidenced by, and culminated in, the filing of criminal charges against the Plaintiff in Clallam County Superior Court on December 3, 2004 ...[i]if Plaintiff intends to litigate these particular facts raised in his response, he should be required to amend his original Complaint.").

The Court denied Defendant's motion to dismiss. Dkts. # 18, 19. On November 21, 2008, Mr. Curtis filed his motion seeking leave to amend his complaint. Dkt. # 23. Defendant Riley filed his response, objecting to the motion on the ground that Mr. Curtis had failed to attach a proposed complaint for the Court's review. Dkt. # 23. The Court granted Mr. Curtis leave to supplement his motion to amend to attach his proposed amendment. Dkt. # 27. Mr. Curtis timely filed his proposed Amended Complaint. Dkt. # 29.

## DISCUSSION

Rule 15(a) (2) of the Federal Rules of Civil Procedure provides in relevant part that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that the court "should freely give leave when justice so requires." In ruling on a motion to amend under Rule 15(a), a court weighs the following factors: bad faith, undue delay, prejudice to the opposing party, whether the amendment would be futile, and whether the party has previously amended his or her pleadings. *See Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir.1991).

Defendant Riley opposes the proposed amendments to Mr. Curtis's complaint on the grounds of futility only. Dkt. # 31. He argues that the only amendments proposed against him involve new allegations of emotional injury due to Mr. Curtis's time spent in solitary confinement which, he asserts, are barred pursuant to 42 U.S.C. § 1997e(e). Pursuant to that section, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Defendant Riley argues that Mr. Curtis has not alleged any actual physical injury as a result of his confinement other than an undiagonosed "psychosomatic disorder that manifested itself in chronic

ORDER
Page - 2

abdomen and joint pain, which, in turn, caused months of physical and emotional suffering." Dkt. # 31, p. 3 (citing Dkt. # 29-3, ¶ 3.195).

42 U.S.C. § 1997e(e) prohibits a prisoner from bringing a civil action for mental or emotional injury without a prior showing of "physical injury." *Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002). This means that a prisoner may not obtain compensatory damages for mental or emotional injury if the "physical injury" is *de minimis. Id.* But the Ninth Circuit has held that to the extent that a plaintiff has actionable claims for compensatory, nominal, or punitive damages premised on violations of constitutional rights, and not on mental or emotional injuries, § 1997e(e) is not a bar to such claims. *Id.* at 630.

In *Oliver,* the plaintiff sought punitive damages and his complaint was construed to be "consistent with a claim for nominal damages." *Id.* at 630 (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972) ( *pro se* complaints are to be liberally construed)). The Court determined that a prisoner was entitled to seek compensatory, nominal, and punitive damages premised on violations of his Fourteenth Amendment rights and not on any alleged mental or emotional injuries. *Oliver*, 289 F.3d at 629-30; *see also Cannell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir.1998) (§ 1997e(e) does not apply to First Amendment claims).

Thus, to the extent that Mr. Curtis has actionable claims for compensatory, nominal, and punitive damages based on violations of his Fourteenth Amendment rights, his claims are not barred by § 1997e(e). However, to the extent that Mr. Curtis does assert damages based on a claim for mental or emotional injuries, that issue should be addressed in a subsequent motion.[1]

Accordingly, it is **ORDERED:**

---

[1] Defendant Riley also argues that Mr. Curtis's amendments as to Mr. Benda are insufficient. Dkt. # 31, pp. 3-4. However, in the same motion, defense counsel advises the Court that she does not represent Mr. Benda. Dkt. # 31, p. 1.

ORDER
Page - 3

(1) Plaintiff's motion to amend (Dkt. # 23) is **GRANTED**.

(2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  20th  day of April, 2009.

Karen L. Strombom
United States Magistrate Judge