UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD CURTIS,

                  Plaintiff,

   v.

TERRY J. BENDA, et al.,

                  Defendants.

No. C08-5109 FDB/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. Dkt. 54. Having carefully reviewed Plaintiff's motion, Defendants' response (Dkt. 58), and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

## I. DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional

ORDER DENYING MOTION FOR COUNSEL - 1

circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

Here there is no doubt that Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. He has filed numerous motions and discovery, has successfully defended a motion to dismiss based on his legal argument, and has written numerous lengthy motions, including the present 32 page motion, supported with case law and argument. According to Plaintiff, he has also submitted 200 requests for production and 25 interrogatories. Dkt. 54, p. 14. Plaintiff's lack of legal training and resources are not exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants.

Plaintiff argues that exceptional circumstances exist because Defendants have resisted his discovery efforts by objecting on safety and security grounds to a number of his interrogatories and requests for production. Plaintiff also argues that extraordinary circumstances have been created by the confiscation by the Department of Corrections of legal materials he claims will enable him to prove his case. Dkt. 54, p. 17; Dkt. 54-2, pp. 1-16 (exhibits reflecting IMU staff confiscated legal materials held by Plaintiff containing legal face sheets and other documents relating to the crimes and prison discipline actions of other inmates).

In determining whether exceptional circumstances exist in a particular case, the Court must evaluate both the likelihood of success on the merits, and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. As was true with the litigant in *Wilborn*, the difficulties faced by Mr. Curtis in attempting to litigate his case

ORDER DENYING MOTION FOR COUNSEL - 2

do not derive from the complexity of the issue involved here nor does the need for discovery necessarily qualify the issues involved as "complex." See *Wilborn*, 789 F.2d at 1331:

> Although discovery was essential in order for Wilborn to learn who had impounded his vehicle and why, particularly since Cook allegedly misinformed him, the need for such discovery does not necessarily qualify the issues involved as "complex." Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.

*Id.*, 789 F.2d at 1331 (internal footnotes omitted).

In addition, this Court will not address discovery disputes that are not the subject of a properly filed motion to compel, which must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B).

Mr. Curtis has had no difficulty in articulating and litigating his claims *pro se*. However, he has failed to demonstrate a likelihood of the success on the merits or demonstrated that the complexity of the issues involved is sufficient to require designation of counsel.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. 54) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED at Tacoma, Washington this 1st day of September, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3