UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>                   Plaintiff,<br><br>  v.<br><br>TERRY J. BENDA, et al.,<br><br>                   Defendants. | No. 08-5109 FDB/KLS<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO STAY DISCOVERY AND<br>DIRECTING DEFENDANTS TO FILE<br>DISPOSITIVE MOTION WITHIN<br>THIRTY DAYS FROM DATE OF THIS<br>ORDER |

Before the Court is Defendants' motion to stay discovery of this matter pending the submission of a dispositive motion. Dkt. 64. For the reasons stated below, the Court finds that the motion should be granted.

**PROCEDURAL BACKGROUND**

Mr. Curtis claims that Defendants Riley and Benda conspired and fabricated evidence to be used in filing criminal assault charges against him in Clallam County Superior Court on December 3, 2004. Dkt. 4. Plaintiff filed his complaint on February 18, 2008. Dkt. 1. Defendant Riley moved to dismiss the complaint as time barred. Dkt. 11. In response, Mr. Curtis argued that he did not discover the fabricated evidence until he was provided discovery from the state prosecutor on March 4, 2005. Dkt. 26, p. 4. Mr. Curtis also argued that pursuant to *Heck v. Humprhey*, 512 U.S. 477 (1994), his cause of action did not accrue until September 8, 2005, when the state prosecutor filed an Amended Information dropping the state criminal

ORDER GRANTING MOTION TO STAY DISCOVERY - 1

charges against him. *Id*., p. 7. Defendant Riley conceded that *Heck v. Humprhey* was dispositive on the statute of limitations issue. Dkt. 17. The Court denied the motion to dismiss. Dkt. 19.

On April 20, 2009, the Court granted Plaintiff's motion to amend his complaint. Dkt. 43. In his Amended Complaint filed on April 20, 2009, Palintiff alleges that Defendants Benda and Curtis violated his Fourteenth Amendment right to due process when they provided false information and doctored evidence to the Clallam County authorities which resulted in Plaintiff being charged with a racially motivated hate crime. Dkt. 44. Plaintiff, a white male, admits that he and another inmate, assaulted an African-American inmate. *Id*., pp. 7-8. However, Plaintiff claims that his involvement in the assault was against his will and he claims that Defendants doctored evidence, including photographs, to make it appear that as part of the assault, the letters "AF" ("Aryan Family") were carved into the victim's back. *Id*. at 8, 16. As a result, Plaintiff was charged with a racially-motivated and gang-related assault. *Id*., pp. 94-95.

Through the course of discovery in this matter, Plaintiff has submitted over 200 requests for production of documents, 25 interrogatories with numerous subparts, and 314 requests for admission to the Defendants. Dkt. 64, Exh. 1. In addition, Plaintiff has filed Motions for Orders enjoining the Clerk to serve subpoenas on the Department of Corrections and the Washington Attorney General's Office seeking additional documents. Dkts. 59 and 60; Dkt. 64, Exh. 2. These proposed subpoenas contain requests for 169 categories of documents. Dkt. 64, Exh. 2. These discovery requests outnumber requests submitted in any of the 57 other cases currently being litigated by the assistant attorney general in this case, including cases raising multiple constitutional issues at multiple correctional institutions throughout the state. *Id*.

ORDER GRANTING MOTION TO STAY DISCOVERY - 2

Defendants have responded to all 202 requests for production. Dkt. 64, Exh. 1. Defendants have also responded to nine of the interrogatories, including all subparts. *Id*. The remaining discovery requests are currently pending. *Id*.

**DISCUSSION**

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

Defendants argue that the only issue raised is whether or not they violated Plaintiff's Fourteenth Amendment right to due process when they provided information to Clallam County authorities which resulted in Plaintiff being charged with a racially motivated hate crime. Dkt. 64, p. 1. While it is not clear from their motion, the Court assumes that the government officials wish to raise the issue of qualified immunity. If that is the case, discovery should not proceed until this threshold issues is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin*, supra, 889 F.2d at 926. The Harlow qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. *Harlow*, 457 U.S. at 817. For this reason, the Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful. *Anderson*, 483 U.S. at 646 n. 6. If they are not, and if the actions the defendants claim they took are different

ORDER GRANTING MOTION TO STAY DISCOVERY - 3

from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. *Id*.

The Court agrees that the appropriate course where immunity issues are raised is to stay all further discovery until the immunity issues are resolved or it is determined that limited discovery may be required.

Given the early stages of this litigation–an amended complaint was just filed four months hence and the amount of discovery already propounded and anticipated–the Court finds that a stay pending the submission of a dispositive motion is warranted. All discovery shall be stayed pending the filing of a dispositive motion by the Defendants.

Accordingly, it is **ORDERED:**

(1) Defendants shall file a dispositive motion within thirty (30) days from the date of this Order.

(2) All discovery in this matter shall be **STAYED** pending further order of this Court, including Plaintiff's motions for orders to serve subpoenas (Dkts. 59 and 60) and motion to compel (Dkt. 63).

(3) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 4th day of September, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY DISCOVERY - 4