1

2

3

4

5

6

7

8                UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9                       AT TACOMA

10 JAMES EDWARD CURTIS,

11         Plaintiff,

12      v.                           Case No. C08-5109 FDB

13 TERRY J. BENDA, et al.,,            ORDER DENYING OBJECTIONS TO
ORDER DENYING MOTION FOR
14         Defendant.              APPOINTMENT OF COUNSEL

15

16       This matter comes before the Court on referral from the Magistrate Judge of Plaintiff's

17 objections to the Magistrate Judge's Order denying Plaintiff's motion for appointment of counsel

18 [Dkt. # 73]. The Court having reviewed the objections, the Magistrate Judge's Order, and the

19 remaining record, is fully informed and hereby denies the objections.

20       The Magistrate Judge denied Plaintiff's motion for appointment of counsel to prosecute this

21 civil rights action. Generally, there is no constitutional right to counsel in a civil case. United

22 States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. §

23 1915(d), the court has discretion to request volunteer counsel for indigent plaintiffs in exceptional

24 circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). While the court

25

26 ORDER - 1

may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989). In order to determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, at 1335-36; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988).

As detailed by the Magistrate Judge, Plaintiff has had no difficulty in articulating and litigating his claims *pro se*. He also has failed to demonstrate a likelihood of the success on the merits or demonstrated that the complexity of the issues involved is sufficient to require designation of counsel.

Plaintiff's objections concern an ongoing discovery dispute with Defendants. Resistence to discovery requests is not a sufficient basis for appointment of counsel. See, Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Objections to the Order Denying Appointment of Counsel [Dkt. # 73 & 79] are **DENIED.** This matter is referred back to Magistrate Judge Karen L. Strombom for further proceedings.


DATED this 28th day of September, 2009


_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2