**UNITED STATES DISTRICT COURT**
**WESTERN DISCTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>                 Plaintiff,<br><br>  v.<br><br>TERRY J. BENDA, et al.,<br><br>                 Defendants. | NO. C08-5109 FDB/KLS<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO AMEND ANSWER |

Before the court is Defendants' motion to amend its answer to add the affirmative defense of absolute witness immunity. Dkt. 81. After filing their motion to amend, Defendants filed a motion for summary judgment based on absolute and qualified immunity. Dkt. 82. Plaintiff filed a motion for an extension of time to file his response to the summary judgment motion. Dkt. 87. By separate order the court has granted Plaintiff's motion for an extension of time to respond to Defendants' summary judgment motion.

**BACKGROUND**

On April 20, 2009, the court granted Plaintiff's motion to amend his complaint. Dkt. 43. In his Amended Complaint filed on April 20, 2009, Plaintiff alleges that Defendants Benda and Curtis violated his Fourteenth Amendment right to due process when they provided false and doctored evidence to the Clallam County authorities which resulted in Plaintiff being charged with a racially motivated hate crime. Dkt. 44. Plaintiff, a white male,

admits that he and another inmate, assaulted an African-American inmate. *Id.*, pp. 7-8. However, Plaintiff claims that his involvement in the assault was against his will and he claims that Defendants doctored evidence, including photographs, to make it appear that as part of the assault, the letters "AF" ("Aryan Family") were carved into the victim's back. *Id.* at 8, 16. As a result, Plaintiff was charged with a racially-motivated and gang-related assault. *Id.*, pp. 94-95. The assault charge (with the racially-motivated enhancement) against Plaintiff was later dismissed. Dkt. 44, p. 48.

Defendants now move to amend the answer to the amended complaint in order to add the affirmative defense of absolute witness immunity. Dkt. 81. Plaintiff objects to the amendment on the grounds of futility. Dkt. 84.

**DISCUSSION**

**A.     Standards of Review**

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15-to facilitate decisions on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.*; see also *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Four factors are relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. See *Webb,* 655 F.2d at 980. Futility of amendment, by contrast, can alone justify the denial of a motion for leave to amend. See *Bonin v. Calderon*, 59 F.3d

815, 845 (9th Cir.1995). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). In other words, if the proposed amended complaint cannot withstand a motion to dismiss, it should be denied as futile. See *id.* (citing 3 J. Moore, Moore's Federal Practice § 15.08[4] (2d ed.1974)).

**B.     Defendants' Motion to Amend**

Defendants argue that they are entitled to add the defense of absolute witness immunity because Plaintiff will not be prejudiced by the amendment, the defense does not raise issues of fact, and there is no need for additional discovery. Dkt. 86, p. 2.

There is no evidence that Plaintiff will be prejudiced by the timing of the proposed amendment as Defendants were granted the ability to file a motion for summary judgment on immunity grounds on September 9, 2009, so that questions of immunity may be resolved in this case at the earliest possible stage. Dkt. 74. In addition, Plaintiff will have a full opportunity to respond to the assertions of immunity through the standard briefing timeline.[1]

Therefore, Defendant's Motion to Amend its Answer (Dkt. 81) is **GRANTED**.

DATED this 23rd day of November, 2009.

Karen L. Strombom
United States Magistrate Judge

---

[1] As noted above, Plaintiff requested and has been granted a sixty day extension of time within which to respond to Defendants' motion for summary judgment.