UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD CURTIS,

                  Plaintiff,

   v.

TERRY J. BENDA, et al.,

                  Defendants.

No. 08-5109 FDB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's motion for a ninety day extension of time to conduct discovery and respond to Defendants' motion for summary judgment on qualified immunity. Dkt. 103. For the reasons stated below, the Court finds that the motion should be denied.

*PROCEDURAL BACKGROUND*

In his Amended Complaint filed on April 20, 2009, Plaintiff alleges that Defendants Benda and Curtis violated his Fourteenth Amendment right to due process when they provided false information and doctored evidence to the Clallam County authorities which resulted in Plaintiff being charged with a racially motivated hate crime. Dkt. 44. Plaintiff, a white male, admits that he and another inmate, assaulted an African-American inmate. *Id*., pp. 7-8. However, Plaintiff claims that his involvement in the assault was against his will and he claims that Defendants doctored evidence, including photographs, to make it appear that as part of the

ORDER - 1

assault, the letters "AF" ("Aryan Family") were carved into the victim's back. *Id*. at 8, 16. As a result, Plaintiff was charged with a racially-motivated and gang-related assault. *Id*., pp. 94-95.

Through the course of discovery in this matter, Plaintiff has submitted over 200 requests for production of documents, 25 interrogatories with numerous subparts, and 314 requests for admission to the Defendants. Dkt. 64, Exh. 1. In addition, Plaintiff has filed Motions for Orders enjoining the Clerk to serve subpoenas on the Department of Corrections and the Washington Attorney General's Office seeking additional documents. Dkts. 59 and 60; Dkt. 64, Exh. 2. These proposed subpoenas contain requests for 169 categories of documents. Dkt. 64, Exh. 2.

Defendants have responded to all 202 requests for production. Dkt. 64, Exh. 1. Defendants have also responded to nine of the interrogatories, including all subparts. *Id*. The remaining discovery requests are currently pending. *Id*.

On September 8, 2009, the court ordered a stay of all discovery and directed Defendants to file their dispositive motion on the issue of qualified immunity within thirty days. Dkt. 74. Defendants filed their motion for summary judgment based on absolute and qualified immunity on October 2, 2009. Dkt. 82. Plaintiff was granted an extension until December 18, 2009 to file his response. Dkt. 90. Plaintiff filed his response exceeding the page limits by 161 pages. Dkt. 93. The court granted Defendants' motion to strike Plaintiff's response for failure to comply with the page limitations of Fed. R. Civ. 7(e)(3) and granted Plaintiff leave to file a replacement response brief in compliance with the rules on or before February 22, 2010. Dkt. 96.

On February 19, 2010, Plaintiff filed a motion for reconsideration and a motion for extension of time to file his response to the pending motion for summary judgment. Dkts. 97 and 99. The court denied Plaintiff's motion for reconsideration and granted Plaintiff another extension until April 5, 2010. Dkt. 102. Defendants' motion for summary judgment on absolute

ORDER - 2

and qualified immunity is now scheduled for consideration on the court's docket for April 9, 2010.

In his motion for a ninety day extension of the latest deadline, Plaintiff states that he needs additional time to conduct necessary discovery "to obtain the facts essential to justify" his opposition. Dkt. 103, p. 2. Specifically, Plaintiff states that he needs the testimony of Tim Davis, the former Clallam County Prosecuting Attorney, to rebut Defendants' claim that the alleged fabricated evidence played no role in the prosecutor's decision to charge Plaintiff with the racially-motivated assault charge because Plaintiff admitted to the assault and was charged based on that admission. Dkt. 103, p. 7. Plaintiff's professed need for this additional discovery is apparently based on statements made in Defendants' motion for summary judgment, as follows:

> In the qualified immunity context, there is not a clearly established substantive due process right to be free from a criminal charge based, in part, on fabricated evidence. *Particularly in this case, where the assault is admitted, the additional, allegedly fabricated evidence, played no role in whether or not the Plaintiff was charged with a crime.* The facts in this case are clear that Plaintiff committed an assault. The facts are also clear that he is a white man who, along with another white man, assaulted an African-American man.

Dkt. 82, p. 70 [emphasis added].

*DISCUSSION*

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

ORDER - 3

The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. See *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *DiMartini v. Ferrin*, supra, 889 F.2d at 926. The *Harlow* qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. *Harlow*, 457 U.S.at 817. For this reason, the Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful. *Anderson*, 483 U.S. at 646 n. 6. If they are not, and if the actions the defendants claim they took are different from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. *Id*.

In his Amended Complaint, Plaintiff claims that Defendants Benda and Riley violated his Fourteenth Amendment due process rights when they provided written statements based on falsified evidence to the Clallam County Sheriff's Office and Clallam County Prosecutor's Office. Plaintiff alleges further that Prosecutor Davis filed a motion for determination of probable cause based on that falsified evidence. See, e.g., Dkt. 44-2, pp. 43-45. Defendants argue that they are entitled to absolute witness immunity, regardless of whether the information they provided to the prosecutor was false or perjured and that Defendant Benda is entitled to qualified immunity. Dkt. 82, p. 4.

It appears at this time that there is no need for discovery as it pertains to the issue of absolute witness immunity as that determination rests on an analysis of the Defendants' actions. As to the issue of qualified immunity, the issue to be determined is whether Defendant Benda's conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. There is no need to pursue the requested discovery as to this issue.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for additional discovery and an extension of time to respond to Defendants' motion for summary judgment (Dkt. 103) is **DENIED.**

(2) The current noting date of **April 9, 2010** for Defendants' motion for summary judgment is retained.

(3) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this  8th  day of March, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5