UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>                  Plaintiff,<br>v.<br><br>WILLIAM E. RILEY,<br><br>                  Defendant. | No. 08-5109 BHS/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO REOPEN DISCOVERY AND TO STRIKE |

      Before the court is Plaintiff's motion to reopen discovery. ECF No. 147. Defendant filed a response. ECF No. 150. Plaintiff filed a reply and motion to strike Defendant's response. ECF No. 151. For the reasons stated below, the court finds that Plaintiff's motions should be denied.

**BACKGROUND**

      Plaintiff James Edward Curtis filed this civil rights action claiming that Defendants William E. Riley and Terry J. Benda conspired and fabricated evidence to be used in filing criminal assault charges against him in Clallam County Superior Court on December 3, 2004. ECF No. 4. In his Amended Complaint filed on April 20, 2009, Plaintiff alleges that Defendants Benda and Curtis violated his Fourteenth Amendment right to due process when they provided false information and doctored evidence to the Clallam County authorities which resulted in Plaintiff being charged with a racially motivated hate crime. ECF No. 44. Plaintiff, a white male, admits that he and another inmate, assaulted an African-American inmate. *Id*., pp. 7-8.

ORDER - 1

However, Plaintiff claims that his involvement in the assault was against his will and he claims that Defendants doctored evidence, including photographs, to make it appear that as part of the assault, the letters "AF" ("Aryan Family") were carved into the victim's back. *Id*. at 8, 16. As a result, Plaintiff was charged with a racially-motivated and gang-related assault. *Id*., pp. 94-95.

On August 14, 2009, Defendants' filed a motion to stay discovery pending the submission of a dispositive motion addressing the issues of absolute and qualified immunity. ECF No. 64. On September 8, 2009, the court entered an Order staying all discovery and directed Defendants to file a dispositive motion within thirty days. ECF No. 74. In ordering the stay, the court specifically noted the amount of discovery that the parties had already propounded and exchanged. *Id.*, pp. 2-3. The court also agreed that the appropriate course where immunity issues are raised is to stay all further discovery until the immunity issues are resolved or it is determined that limited discovery may be required. *Id.*, p. 4.

On October 2, 2009, Defendants Benda and Riley filed a motion for summary judgment based on absolute and qualified immunity. ECF No. 82. The court denied the motion for summary judgment based on absolute immunity and granted Defendant Benda's motion for summary judgment based on qualified immunity. ECF Nos. 121 and 134. Defendant William E. Riley did not move for summary judgment based on qualified immunity. On October 12, 2010, the court entered a Revised Pretrial Scheduling Order, setting a new dispositive motions deadline for December 17, 2010. ECF No. 136. On December 3, 2010, Plaintiff filed a motion to re-open discovery. ECF No. 147. On December 15, 2010, Defendant Riley filed a motion for summary judgment based on qualified immunity. ECF No. 148.

ORDER - 2

**DISCUSSION**

**A.     Plaintiff's Motion to Reopen Discovery**

The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Upon showing of good cause, the court may deny or limit discovery.  Fed. R. Civ. P. 26( c).  A court may relieve a party of the burdens of discovery while a dispositive motion is pending.  *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

Plaintiff contends that he needs to gather factual information so that he may file a response to Defendant Riley's motion for summary judgment based on qualified immunity.  The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled.  *See Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *DiMartini v. Ferrin*, supra, 889 F.2d at 926.  The *Harlow* qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government.  *Harlow*, 457 U.S. at 817.  For this reason, the Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful.  *Anderson*, 483 U.S. at 646 n. 6.  If they are not, and if the actions the defendants claim they took are different from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved.  *Id*.

ORDER - 3

In his Amended Complaint, Plaintiff claims that Defendant Riley violated his Fourteenth Amendment due process rights when he provided written statements based on falsified evidence to the Clallam County Sheriff's Office and Clallam County Prosecutor's Office.  Plaintiff argues that he is now entitled to discovery as this court has already found that there is a clearly established constitutional due process right not to be subjected to criminal charges on deliberately fabricated evidence. ECF No. 147, p. 7.  Therefore, Plaintiff argues that he now needs discovery to show either, that the defendant continued his investigation despite knowing that he was innocent or that the defendant used coercive and abusive investigative techniques knowing that the techniques would yield false information.  *Id.*, pp. 7-8.

Defendant Riley disputes Plaintiff's allegations and claims that he is entitled to qualified immunity even assuming that Plaintiff's allegations are true. ECF No. 148, pp. 4-5.  Defendant Riley has raised a discrete legal issue that is not dependent on facts outside of Plaintiff's amended complaint.  Plaintiff was previously able to respond to Defendant Benda's motion for summary judgment also based on qualified immunity.

As noted above, the United States Supreme Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful.  *Anderson*, 483 U.S. at 646 n. 6.  Only if they are not and if the actions the defendant claims he took are different from those the plaintiff alleges (and are actions that a reasonable official could have believed lawful), then discovery *may* be necessary before a motion for summary judgment on qualified immunity grounds can be resolved.  *Id*.  The court finds no grounds at this time to re-open discovery prior to considering Defendant Riley's motion for summary judgment.  If the court determines that the acts

ORDER - 4

Defendant Riley is alleged to have taken are actions that a reasonable official could not have believed lawful and the acts he claims to have taken differ from those alleged by Plaintiff, the court will determine at that time if additional discovery is necessary.

### B. Plaintiff's Motion to Strike

Plaintiff moves to strike Defendant's response to his motion to reopen discovery on the grounds that the response was not timely filed. ECF No. 151. Plaintiff filed his motion to reopen discovery on December 3, 2010 and asked that it be noted for December 17, 2010. The Clerk docketed the motion and correctly noted the motion on the court's calendar for December 24, 2010. ECF No. 147. *See* CR 7(d)(3) (all discovery motions shall be noted for consideration no earlier than the third Friday after filing and service of the motions). Defendant filed his response on December 17, 2010. ECF No. 150. Therefore, the response was timely.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to re-open discovery (ECF No. 147) and motion to strike (ECF No. 151) are **DENIED.**

(2) All discovery in this matter shall be **STAYED** pending further order of this court.

(3) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendant.

**DATED** this 4th day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5