UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TERRY J. BENDA and WILLIAM E. RILEY,<br><br>　　　　　　　　Defendants. | No. 08-5109 BHS/KLS<br><br>ORDER GRANTING RULE 56(d) CONTINUANCE |

Before the Court is Plaintiff's motion for discovery and continuance pursuant to Fed. R. Civ. P. 56(d). ECF No. 163. For the reasons stated below, the Court finds that the motion should be granted and discovery extended for the sole purpose of allowing Plaintiff to take the deposition of Timothy Davis.

**BACKGROUND**

On October 13, 2002, Plaintiff James Edward Curtis, a white male, along with another white male inmate (Steven Eggers), assaulted James Wilkinson, a fellow inmate, who is an African-American male. ECF No. 44, pp. 8-9 (Plaintiff's Amended Complaint). A criminal information was filed on December 3, 2004, which charged Mr. Curtis with second degree assault while armed with a deadly weapon, with alleged aggravating circumstances that the crime was gang-related and/or racially motivated. ECF No. 112-19, p. 7. Defendant Benda

ORDER - 1

conducted the investigation into the assault, in conjunction with the Clallam County Prosecutor's Office. He provided his investigative report to the Clallam County Sheriff's Office (ECF No. 44, pp. 90-93) and a signed declaration in support of probable cause to the Clallam County Prosecutor's Office. ECF No. 112-19, p. 3. Defendant Riley also provided a written statement to the Clallam County Sheriff's Office, which Mr. Curtis asserts falsely connected Mr. Curtis with the Aryan Family gang. ECF No. 44, pp. 84-85. Based on the information gathered in the investigation, Mr. Benda believed the assault was racially-motivated and gang-related. *Id.*, p. 95. All charges against Mr. Curtis were subsequently dropped by the Clallam County Prosecutor's Office on September 8, 2005. ECF No. 26, p. 7.

Mr. Curtis admits that he assaulted Mr. Wilkinson, an African-American inmate. ECF No. 44, pp. 7-8. However, he asserts that the assault was not gang related and that it was not racially motivated and therefore the assault charge against him should not have included the alleged aggravating circumstances. He alleges, however, that Mr. Benda and Mr. Riley fabricated evidence during their investigation, which evidence was used to support the inclusion of the aggravating circumstances of the assault charge. If the aggravating circumstances had been proven at trial, Mr. Curtis could have been subjected to a harsher sentence than that allowed by the standard sentencing range. As noted below, summary judgment in favor of Mr. Benda on Plaintiff's claims has been granted.

Mr. Curtis alleges that Defendant Riley obtained a personal letter that Mr. Curtis "reportedly wrote to a friend (i.e., Larry Kisinger)" that ended with the closing, "Always & Forever." According to Mr. Curtis, Defendant Riley then coerced several known Aryan Family members, who are also controlled informants, to write and close their letters using the words "Always & Forever," and then referenced this "fabricated evidence" of Mr. Curtis' gang

ORDER - 2

affiliation in a written statement provided to the Clallam County Sheriff's Office. ECF No. 44-2, pp. 32-35.

On September 8, 2009, the Court entered an order staying all discovery in this case pending resolution of Defendants' motion for summary judgment based on absolute and qualified immunity. ECF No. 74. The Court concluded that a stay was appropriate "[g]iven the early stages of this litigation – an amended complaint was just filed four months hence and the amount of discovery already propounded and anticipated . . . ." *Id.* at 4. Defendants submitted their first motion for summary judgment based on qualified and absolute immunity, originally noted for October 30, 2009. ECF No. 82. Plaintiff was granted two extensions of time to respond to the first motion for summary judgment. ECF Nos. 90 and 102. On March 2, 2010, Plaintiff moved for a continuance, pursuant to former Fed. R. Civ. P. 56(f), so that he could depose Tim Davis, the former Clallam County Prosecuting Attorney. ECF No. 103. That motion was denied on March 8, 2010. ECF No. 105. The court found that there was no need for discovery at that time on the issues absolute immunity as to both Defendants and qualified immunity as to Defendant Benda. *Id.,* p. 5.

Defendants' first motion for summary judgment was granted as to qualified immunity for Defendant Benda and denied as to absolute immunity for both Defendants Benda and Riley. ECF No. 134. On December 8, 2010, Plaintiff filed a motion to re-open discovery. ECF No. 147. That motion was denied. ECF No. 154. On December 15, 2010, Defendant Riley filed a second motion for summary judgment asserting that he is entitled to qualified immunity. ECF No. 148. Plaintiff's motions for continuance of the second motion for summary judgment were granted, most recently to May 20, 2011. ECF Nos. Nos. 155 and 160.

Plaintiff now files another motion for continuance, pursuant to Fed. R. Civ. P.

ORDER - 3

56(d), so that he may take the deposition of Timothy Davis.  ECF No. 163.  Plaintiff provides his declaration in support of the extension, along with documents obtained by Plaintiff in February 2011 from a fellow inmate, who obtained them through a public records request.  ECF No. 165.  The documents include emails from Timothy Davis to William Riley dated November 25, 2002 and November 27, 2005 (ECF No. 165, pp. 17 and 18); an undated memorandum purportedly from Timothy Davis to an unnamed individual (ECF No. 165, p. 20); an unsigned draft letter to Tim Davis regarding Mr. Riley's investigation, the meaning of the letters "AF," Plaintiff Curtis's debrief following the assault and his association with the Aryan Family (ECF No. 165, p. 22); and, the Affidavit of William Riley regarding the Security Threat Group (STG) and the importance of keeping confidential, the information gathered through DOC's intelligence efforts relating to STGs (ECF No. 165, p. 25).  The undated memorandum purportedly written by Timothy Davis to his successor prosecutor states, in part:

> At the early stages, the former boss of I&I (Steve Winters) and DOC's Bill Riley, their prison gang guru were both involved in getting this one filed with all the enhancements possible.  Each had an agenda, at times conflicting perhaps.  All in all, it was a mistake to have followed their requests (Riley more than Winters, who just wanted to get it charged).
> …
> At the outset this was charged with an enhancement for gang related and also racial motivation (Riley and Winters).  His extensive discovery requests, some of which DOC did not want to deal with (though I have *heard* that the AG office supplied the requested information and documents that we had rejected when a PDR was sent in) resulted in the scales falling from my eyes and the dropping of those aggravators in favor of the straight Assault 2.

ECF No. 165, p. 20.

### DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

ORDER - 4

(1)  defer considering the motion or deny it;

(2)  allow time to obtain affidavits or declarations or to take discovery; or

(3)  issue any other appropriate order.

Fed. R. Civ. P. 56(d) (formerly subdivision (f)).

Cases interpreting former subdivision (f), make clear that a party seeking a continuance under Rule 56 must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact. *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991); *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir.1987). *See also Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (party opposing on Rule 56(f) grounds needs to state the specific facts he hopes to elicit from further discovery, that the facts sought exist and that the sought-after facts are essential to resisting the summary judgment motion); *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts he hopes to discover to raise an issue of material fact").[1]

A civil rights plaintiff opposing a claim of qualified immunity must establish the existence of a constitutional violation, clearly established law to support the claim, and that no reasonable official could believe their conduct was lawful. *Pearson, et al. v. Callahan*, 555

---

[1] Of course, pro se pleadings are to be construed liberally. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (pro se complaints, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers").

ORDER - 5

U.S. 223, 129 S. Ct. 808 (2009); *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 2155 (2001); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). The test for qualified immunity is an objective test requiring the Plaintiff to prove a reasonable official could not believe his actions were constitutional. *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993); *Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534, 537 (1991).

There is a "clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001). Under the Fourteenth Amendment, there exists a "right not to be deprived of liberty without due process of law, or more specifically, as the result of the fabrication of evidence by a government officer acting in an investigative capacity." *See, e.g., Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir.1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial ...."). To support a claim for deliberate fabrication of evidence, a plaintiff must, at a minimum, produce evidence that supports one of the following propositions: (1) the defendants continued their investigation of an individual despite the fact that they knew or should have known he was innocent; and (2) defendants used investigative techniques that were so coercive and abusive that they knew or should have known those techniques would yield false information. *Devereaux*, 263 F.3d at 1076.

In his motion for summary judgment, Defendant Riley argues that he is entitled to qualified immunity, in part, because the statement made by Defendant Riley which was provided to the prosecuting attorney was not used by the Court in determining probable cause or charging

ORDER - 6

Plaintiff with the enhancement of committing a racially motivated or gang-related crime.  ECF No. 148, p. 7.

Plaintiff argues that the deposition of Timothy Davis is essential to his opposition to Defendant Riley's motion for summary judgment because Mr. Riley's qualified immunity defense raises a factual question as to whether Defendant Riley's allegedly fabricated evidence was used by Mr. Davis to charge and/or prosecute Mr. Curtis.  He further argues that such deposition testimony, along with the recently discovered material will:

> … . conclusively show that [Mr. Davis] charged Plaintiff with the gang-related enhancement at mainly Defendant Riley's behest, and that Defendant Riley knowingly and intentionally provided [Mr. Davis] his affidavit containing the fabricated evidence in the midst of the criminal prosecution, intending and believing Mr. Davis would use said evidence in rebuttal to influence the jury's decision.

ECF No. 163, p. 3.

In an abundance of caution and in light of Plaintiff's pro se status, the court will grant Plaintiff additional time to pursue this additional discovery and will extend the discovery deadline until **June 9, 2011 for the sole purpose of allowing Plaintiff to take the deposition of Timothy Davis.**  The court will strike the noting date of Defendants' motion for summary judgment and Defendants may renew their motion after expiration of the new discovery deadline date by filing and serving a motion that simply incorporates by reference all evidence and arguments submitted in connection with the motion for summary judgment now pending before the court or by filing a completely new motion.  Upon Defendants' renewal of their motion for summary judgment, Plaintiff shall timely file his opposition.  Plaintiff will not be granted any additional time for this purpose absent a compelling showing of good cause.

ORDER - 7

To facilitate discovery efforts, the Court anticipates that the parties will continue to cooperate in good faith to schedule Mr. Davis's deposition. If the parties cannot agree, the Court suggests the following:

   (a)   The deposition shall take place at or near the Monroe Correctional Complex (MCC), organized with the assistance of authorities at the MCC.

   (b)   If the parties cannot agree otherwise, the deposition shall be conducted before an officer appointed or designated under Fed. R. Civ. P. 28; this should be an independent party without any interest in the matter and Defendants should in good faith seek to allow or agree to use an employee of the Department of Corrections to perform these duties to alleviate the high cost of using a private business; in any event the taped deposition shall include the information indicated in Fed. R. Civ. P. 30(b)(4);

   (c)   The individual either chosen by the parties or appointed by the court to provide the oath at a deposition shall also operate two tape recorders to produce two original recordings of a deposition. (If the parties are unable to agree to an individual and before the court is willing to appoint an individual to administer oral depositions for Plaintiff, Plaintiff must explore other means to conduct discovery. Specifically, Plaintiff should consider Rule 31 to obtain information. The parties shall also note Rule 29 of the Federal Rules of Civil Procedure provides alternatives to general discovery practice and procedure, and the court encourages the parties to mutually work out discovery complications. Parties should inform the court of stipulations made pursuant to Fed. R. Civ. P. 29).

   (d)   Defendants' counsel may attend the deposition and Defendants may record a deposition on his or her own equipment or Defendants may ask Plaintiff to produce a copy of the original tape at Defendants' cost; Defendants may choose to stenographically record the deposition at their own cost.

   (e)   At the end of the deposition, the plastic tab(s) on each original cassette shall be removed to help prevent the tape from being erased or recorded on a second time.

   (f)   At the end of the deposition one original tape shall be placed in an envelope, sealed, and signed by the person chosen or appointed to give the oath; this tape recording shall be delivered in its sealed state to the Clerk of the Court for filing with the court record.

   (g)   If the testimony from the deposition is to be used by either party in a motion, pleading or any aspect of the trial, the party proposing to use that

ORDER - 8

testimony must supply the court with a written transcript of the relevant portions of the deposition;

(h) A transcript of the deposition shall not be filed with the court unless it is to be used by a party in a motion, pleading, or trial of this matter; a transcript of the deposition, in whole or in part, shall not be filed with the court unless the deponent has had the opportunity to review and make any changes or corrections he or she deems necessary.

(i) Any challenges to the accuracy or trustworthiness of a transcript filed by a party can be raised in an objection served and filed by the opposing party in a responsive brief or appropriate and timely motion.

(j) If the recording is of poor quality and the court cannot understand the tape and transcription, the recorded deposition shall not be utilized by either party for any purpose.

If the parties cannot agree, Fed. R. Civ. P. 37(a)(1) states that a party moving to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the party not making disclosure in an effort to secure the disclosure without court action." Local Court Rule 37(a)(1)(A) explicitly states "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." The court will not entertain discovery motions that fail to include a certification that a good faith attempt to confer was first made.

Accordingly, it is **ORDERED:**

(1) Plaintiff's Motion for Continuance Pursuant to Fed. R. Civ. P. 56(d) (ECF No. 163) is **GRANTED**; the discovery deadline is extended until **June 9, 2011 for the sole purpose of allowing Plaintiff to take the deposition of Timothy Davis.** The Clerk shall **strike** the noting date of Defendant Riley's motion for summary judgment (ECF No. 148)**.**

(2) At the expiration of the new discovery deadline of June 9, 2011, Defendant Riley may either file an amended motion for summary judgment including a new brief and supporting documents, or simply renew their motion by filing a notice of such renewal incorporating by

ORDER - 9

reference all arguments and evidence submitted in connection with their motion for summary judgment filed on December 15, 2010.

(3) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this   9th   day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10