UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD CURTIS,

    Plaintiff,

v.

TERRY J. BENDA and WILLIAM E. RILEY,

    Defendants.

NO. C08-5109 BHS/KLS

ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND

Before the Court is Plaintiff's Second Motion to Amend. ECF No. 170. Plaintiff also filed a Motion for Leave to File an overlength reply brief. ECF No. 80. That motion is granted. Having reviewed the motion to amend, Defendants' opposition (ECF No. 174), Plaintiff's reply, and balance of the record, the Court finds that the motion to amend should be denied.

**BACKGROUND**

**A.    Procedural Background**

Over three years ago, Plaintiff James Edward Curtis filed this civil rights lawsuit against Defendants Terry Benda and William Riley. ECF No. 4. He amended his complaint over two years ago on April 20, 2009. ECF No. 44. On October 6, 2010, the Court entered judgment in favor of Defendant Terry J. Benda, finding that Defendant Benda was entitled to qualified immunity and dismissing all claims against him with prejudice. ECF No. 134.

Defendant Riley filed a motion for summary judgment based on qualified immunity on December 14, 2010. ECF No. 148. The Court granted two requests by Plaintiff to extend his time to respond to the motion. ECF Nos. 155 and 160. On May 9, 2011, the Court granted Plaintiff's motion to extend the discovery deadline until June 9, 2011 for the sole purpose of allowing Plaintiff to take the deposition of Timothy Davis. The Court also struck the noting date of Defendant Riley's motion for summary judgment, stating that at the expiration of the new discovery deadline, Defendant Riley may either file an amended motion for summary judgment or simply renew his motion. ECF No. 167.

**B.      Summary of Plaintiff's Allegations**

On October 13, 2002, Plaintiff James Edward Curtis, a white male, along with another white male inmate (Steven Eggers), assaulted James Wilkinson, a fellow inmate, who is an African-American male. ECF No. 44, pp. 8-9 (Plaintiff's Amended Complaint). A criminal information was filed on December 3, 2004, which charged Mr. Curtis with second degree assault while armed with a deadly weapon, with alleged aggravating circumstances that the crime was gang-related and/or racially motivated. ECF No. 112-19, p. 7. Defendant Benda conducted the investigation into the assault, in conjunction with the Clallam County Prosecutor's Office. He provided his investigative report to the Clallam County Sheriff's Office (ECF No. 44, pp. 90-93) and a signed declaration in support of probable cause to the Clallam County Prosecutor's Office. ECF No. 112-19, p. 3. Defendant Riley also provided a written statement to the Clallam County Sheriff's Office, which Mr. Curtis asserts falsely connected Mr. Curtis with the Aryan Family gang. ECF No. 44, pp. 84-85. Based on the information gathered in the investigation, Mr. Benda believed the assault was racially-

motivated and gang-related. *Id.*, p. 95. All charges against Mr. Curtis were subsequently dropped by the Clallam County Prosecutor's Office on September 8, 2005. ECF No. 26, p. 7.

Mr. Curtis admits that he assaulted Mr. Wilkinson, an African-American inmate. ECF No. 44, pp. 7-8. However, he asserts that the assault was not gang related and that it was not racially motivated and therefore the assault charge against him should not have included the alleged aggravating circumstances. He therefore does not assert that he is innocent of the assault. Rather, he alleges that Mr. Benda and Mr. Riley fabricated evidence during their investigation, which evidence was used to support the inclusion of the aggravating circumstances of the assault charge. If the aggravating circumstances had been proven at trial, Mr. Curtis could have been subjected to a harsher sentence than that allowed by the standard sentencing range.

The Court has carefully reviewed Mr. Curtis' pleadings. To summarize, Mr. Curtis asserts that Mr. Benda coerced other inmates to provide false statements regarding the assault incident, which false statements were then used to support Mr. Benda's conclusion that the assault by Mr. Curtis was racially motivated and/or gang related. Mr. Curtis also goes to great lengths to support his conclusions that Mr. Benda fabricated most, if not all, of his investigative report. For instance, the report contains a summary of how Mr. Curtis obtained the weapon he used to assault Mr. Wilkinson from an inmate named Anderson. Mr. Curtis denies that he obtained the weapon from inmate Anderson but rather states that he received it from inmate Eggers, his co-defendant in the assault case. There is no dispute, however, that Mr. Curtis used a weapon when he assaulted Mr. Wilkinson and the person who supplied him

with the weapon is not material as to whether the assault was racially motivated or gang related.

He also asserts that Mr. Benda doctored some photographs which showed initials cut into Mr. Wilkinson's back. The initials were "AF" and Mr. Curtis concluded that they represented Aryan Family. There is no dispute that both the "A" and the two parallel lines of the letter "F" were visible in the pictures taken shortly after the incident as well as the pictures showing the scarring on Mr. Wilkinson's back. Mr. Curtis does raise an issue regarding the vertical line in the letter "F." ECF No. 112, p. 27. He states that the pictures he has seen showing scarring on Mr. Wilkinson's back do not show the vertical line. He then infers that since the vertical line was not visible in the scarring that it must not have been there when the pictures were taken of Mr. Wilkinson's back shortly after the incident. He then concludes that the vertical line shown in the initial photos must have been put there by Mr. Benda. The Court notes that Mr. Curtis is not accused of cutting the letters into the victim's back. Rather, Mr. Eggers, who was also charged with Mr. Curtis, is the one who did the cutting. In that regard, Mr. Curtis denies knowing that Mr. Eggers was going to participate in the assault on Mr. Wilkinson and denies directing Mr. Eggers to do anything specific with regard to Mr. Wilkinson, i.e., cut initials into his back. ECF No. 112, pp. 17-18.

Mr. Curtis alleges that Defendant Riley obtained a personal letter that Mr. Curtis "reportedly wrote to a friend (i.e., Larry Kisinger)" that ended with the closing, "Always & Forever," and that Defendant Riley then coerced several known Aryan Family members, who are also controlled informants, to write and close their letters using the words "Always & Forever." ECF No. 44-2, pp. 32-34. According to Mr. Curtis, Defendant Riley then

referenced this "fabricated evidence" of Mr. Curtis' gang affiliation in a written statement he provided to the Clallam County Sheriff's Office. *Id.*, p. 35.

As noted above, all claims against Defendant Benda have been dismissed with prejudice.

**C.      Plaintiff's Proposed Amendment**

In his proposed amended complaint, Mr. Curtis seeks to add four John Doe defendants who he claims are confidential informants and therefore, cannot be named. ECF No. 170. Mr. Curtis claims that on April 25, 2011, he obtained "newly discovered facts" that support the addition of the new defendants, cast Defendant Riley's actions in a slightly different light than was originally alleged, and raise a new fabrication claim against Defendant Riley. *Id.*

A review of the proposed amendment reveals that, essentially, Mr. Curtis is seeking to provide a more detailed explanation of the allegations that were already asserted (or which could have been asserted) in either his original or first amended complaint. The allegations are that Defendant Riley conspired with Terry Benda and/or informants in fabricating evidence that Mr. Curtis's crime was racially motivated. In support, Mr. Curtis provides new exhibits consisting of emails and statements made by Tim Davis and Defendant Riley. Plaintiff relied on this same evidence in requesting an extension of the discovery deadline and Defendant Riley's motion for summary judgment. At that time, Mr. Curtis argued that this newly discovered material, along with the deposition of Timothy Davis would "…conclusively show that [Mr. Davis] charged Plaintiff with the gang-related enhancement at mainly Defendant Riley's behest, and that Defendant Riley knowingly and intentionally provided [Mr. Davis] his affidavit containing the fabricated evidence in the midst of the

criminal prosecution, intending and believing Mr. Davis would use said evidence in rebuttal to influence the jury's decision." ECF No. 163, p. 3.

**DISCUSSION**

Under Fed.R.Civ.P. 15, leave to amend a pleading is to be "freely given when justice so requires." However, this liberal standard does not mean that amendment is always permitted. In deciding whether the grant a motion to amend, the court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182, 12 Pet. 178, 9 L.Ed. 1046 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir.1997). *See also Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999); *Jacobson v. Rose*, 592 F.2d 515 (9th Cir.1976).

In the exercise of its discretion, a district court may properly consider "the delay in the desired amendment, the fact that there was a pending summary judgment motion, and the futility of most of the proposed claims." *Schlacter-Jones v. General Telephone,* 936 F.2d 435, 443 (9th Cir. 1991).

There are several reasons to deny Mr. Curtis's motion to amend. First, there is no need for the amendment. Mr. Curtis's claims against Defendant Riley are clearly set forth in his amended complaint, he has been granted leave to take the deposition of the prosecutor in an attempt to elicit further evidence, and the newly discovered documentary evidence as well as the deposition transcript may be submitted in evidence. An additional amendment to the complaint is not needed to get this evidence before the Court. In addition, Mr. Curtis seeks to

add four John Doe defendants with no specific allegations against them, except apparently, that they "conspired with Mr. Riley to further Mr. Riley's goal of … inculpating [him] as an Aryan Family gang member … and "making it appear that I ordered Mr. Eggers to carve EF into Mr. Wilkinson's back…." ECF No. 170-3 (Proposed Second Amended Complaint, at ¶3.162). Again, this addition is not necessary as it is already alleged that Defendant Riley coerced inmate informants to provide false information (*i.e.,* "informants doubling as Aryan Family gang members" to sign their letters with the same closing "Always & Forever" used by Mr. Curtis). *See, e.g.,* ECF No. 180, p. 5. Mr. Curtis argues that the allegation he seeks to make now is a factually distinct one with a "separate theory of liability." *Id.*

As noted above, the issue in this lawsuit is whether Mr. Riley, by himself or with others, falsified evidence with the intent that Mr. Curtis be charged with a racially motivated crime. The issue has been properly joined. Defendant Riley's motion for summary judgment was previously continued on three occasions at Plaintiff's request. Plaintiff has been granted an extension of the discovery deadline in order to take the deposition of the prosecutor because he claims that it will yield additional evidence to support this issue. Amending the complaint at this stage of this three year old case is not necessary and will only cause further unnecessary and prejudicial delay.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to file overlength brief (ECF No. 180) is **GRANTED.**

(2) Plaintiff's second motion to amend (ECF No. 170) is **DENIED.**

(3) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  16th  day of June, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND  8