# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JAMES EDWARD CURTIS,

    Plaintiff,

    v.

TERRY J. BENDA and WILLIAM E. RILEY,

    Defendants.

Case No. C08-5109BHS

ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 182) and Plaintiff James Edward Curtis's ("Curtis") objections to the R&R (Dkt. 190).

On May 10, 2011, Curtis filed a motion to amend his complaint for the second time. Dkt. 170. Curtis seeks to add new factual allegations as well as four additional John Doe defendants that Curtis alleges conspired with Defendant William E. Riley ("Riley") to violate Curtis's constitutional rights. *Id*. On May 18, 2011, Riley responded and argued that the Court should deny Curtis's motion because "[Curtis failed] to cure deficiencies in his previous amendment to the complaint and the futility of his proposed second amended complaint." Dkt. 174 at 7.

On June 16, 2011, Judge Strombom issued an R&R recommending that the Court deny the motion because the amendments were "not necessary and will only cause further unnecessary and prejudicial delay." Dkt. 182 at 7.

ORDER – 1

On July 25, 2011, Curtis filed objections to the R&R. Dkt. 190. Curtis argues that (1) the burden is on Riley to show prejudicial delay and Riley has failed to submit facts in support of this burden; and (2) his independent claims against John Does 1 to 4 are new claims that were not asserted in his previous complaint. *Id.*

On August 2, 2011, Defendant Riley filed a motion for summary judgment. Dkt. 191. One of Riley's arguments is that he is entitled to qualified immunity because Curtis was not deprived of a constitutional right. *Id.* at 5-9.

Under Fed. R. Civ. P. 15, leave to amend a pleading is to be "freely given when justice so requires." In the exercise of its discretion, a district court may properly consider "the delay in the desired amendment, the fact that there was a pending summary judgment motion, and the futility of most of the proposed claims." *Schlacter-Jones v. General Telephone*, 936 F.2d 435, 443 (9th Cir. 1991).

With regard to the issue of whether Curtis may bring Section 1983 claims against the John Does, liability may attach where a private party "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Hence, a private action may be converted into state action if a state actor conspires with a private individual to deprive a plaintiff of his constitutional rights. *Id.* at 27–29. The requisite state action may be found even if the state actor with whom the private individual allegedly conspired is himself immune from suit. *Id.* (action against private parties accused of conspiring with judge found to be state action under § 1983).

In this case, the Court finds that the motion to amend will cause undue delay at this time. If Curtis submits evidence to show that a material question of fact exists on the issue of whether he was deprived of a constitutional right, then the Court will entertain a subsequent motion from Curtis to add allegations of a conspiracy. However, the fact that there is a pending motion for summary judgment on this particular dispositive issue shows that the current proposed amendments may be futile and may cause undue delay.

ORDER – 2

Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part**; and

(2) Curtis's motion to amend is **DENIED without prejudice**.

DATED this 22nd day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3