UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD CURTIS,

          Plaintiff,

  v.

TERRY J. BENDA and WILLIAM E. RILEY,

          Defendants.

No. C08-5109 BHS/KLS

ORDER DENYING PLAINTIFF'S MOTION TO SEAL

Before the Court is Plaintiff's Motion to Seal Documents. ECF No. 210. Plaintiff asks the Court to issue an order sealing "certain documents" that Plaintiff anticipates filing in response to Defendant Riley's motion for summary judgment. Plaintiff states that some of the documents he intends to file would place "any number of individuals confined by the Washington Department of Corrections" in harm's way if they are not ordered sealed by the Court. *Id.* Defendant Riley does not oppose the motion in principle, but notes that he has not yet seen the documents that Plaintiff intends to have sealed. ECF No. 211.

This Court cannot rule on Plaintiff's motion without first reviewing the documents that Plaintiff intends to file. Local Rule CR5(g) governs the request to file documents under seal. If Plaintiff wishes to have any portion of his exhibits sealed, he should file them in accordance with Local Rule CR5(g) so that the Court may review them *in camera* and determine if they shall remain sealed.

Local Rule CR5(g) provides as follows:

(1)     This rule sets forth a uniform procedure for sealing documents filed with the court. Nothing in this rule shall be construed to expand or restrict

ORDER - 1

statutory provisions for the sealing of documents, court files or cases.

(2) There is a strong presumption of public access to the court's files. With regard to dispositive motions, this presumption may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. With regard to nondispositive motions, this presumption may be overcome by a showing of good cause under Rule 26(c).

(3) If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal. The court will allow parties to file entire memoranda under seal only in rare circumstances. A motion or stipulation to seal usually should not itself be filed under seal. A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary. If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal. A motion or stipulation to seal should include an explanation of why redaction is not feasible.

(4) A motion or stipulation to seal shall provide a specific description of particular documents or categories of documents a party seeks to protect and a clear statement of the facts justifying sealing and overcoming the strong presumption in favor of public access. The facts supporting any motion or stipulation to seal must be provided by declaration or affidavit.

(5) A motion or stipulation to seal may either be filed prior to or contemporaneously with a filing that relies on the documents sought to be filed under seal. If the court subsequently denies the motion to seal, the sealed document will be unsealed unless the court orders otherwise, or unless the party that is relying on the sealed document, after notifying the opposing party within three days of the court's order, files a notice to withdraw the documents. If a party withdraws a document on this basis, the parties shall not refer to the withdrawn document in any pleadings, motions and other filings, and the court will not consider it. For this reason, parties are encouraged to seek a ruling on motions to seal well in advance of filing underlying motions relying on those documents.

(6) Files sealed based on a court order shall remain sealed until the court orders unsealing upon stipulation of the parties, motion by any party or intervenor, or by the court after notice to the parties. Any party opposing the unsealing must meet the required showing pursuant to 5(g)(2) that the interests of the parties in protecting files, records, or documents from public review continue to outweigh the public's right of access.

ORDER - 2

(7) For those parties (e.g., pro se) who are exempt from the otherwise mandatory electronic filing requirement, each document to be filed under seal must be submitted in hard copy and submitted in a separate envelope, clearly identifying the enclosed document and stating that the document is "FILED UNDER SEAL." For example, if both the motion and the accompanying affidavit should be filed under seal, the two documents must be submitted in separate, clearly marked envelopes so that each may be entered on the docket. If only one exhibit or document needs to be filed under seal, only that exhibit or document should be submitted in an envelope.

It is **ORDERED:**

1) Plaintiff's Motion to Seal Documents (ECF No. 210) is **DENIED.**

2) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendant.

**DATED** this  18th  day of April, 2012.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3