UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES EDWARD CURTIS,<br><br>                Plaintiff,<br><br>  v.<br><br>WILLIAM E. RILEY,<br><br>                Defendant. | NO. C08-5109 BHS/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING RESPONSE TO MOTION TO SEAL |

      Before the Court is Plaintiff's Motion for Reconsideration. ECF No. 246. Plaintiff seeks reconsideration of this Court's Order denying Plaintiff's motion to seal documents. ECF No. 232. In that motion, Plaintiff asked the Court to issue an order sealing "certain documents" that he anticipated filing in response to Defendant Riley's motion for summary judgment. *Id.* Plaintiff contended that some of the documents he intended to file would place "any number of individuals confined by the Washington Department of Corrections" in harm's way if they are not ordered sealed by the Court. ECF No. 210. Defendant Riley did not oppose the motion in principle, but noted that he had not yet seen the documents that Plaintiff intended to have sealed. ECF No. 211.

      Because Plaintiff failed to first submit the documents under seal for *in camera review* as required by Local Rule CR 5(g), the Court was unable to rule on Plaintiff's motion. ECF No. 232. On April 18, 2012, the Court advised Plaintiff of the appropriate procedure dictated by Rule CR 5(g). *Id.*

ORDER DENYING MOTION FOR RECONSIDERATION      1

On April 17, 2012, one day prior to the Court's order denying his motion to seal, Plaintiff filed a Motion for Discovery Continuance Pursuant to Fed. R. Civ. P. 56(d). (ECF No. 212). The motion was supported by over 1200 pages of exhibits and included the Declarations of Robert Strohmeyer (Plaintiff's former counsel), plaintiff, and a fellow inmate, Laurance Kisinger. ECF Nos. 213; ECF Nos. 214 through 224; and ECF Nos. 226-229. None of the exhibits or declarations were filed in accordance with CR 5(g). Plaintiff did not seek leave to seal any of the exhibits or declarations at the time the motion for discovery was filed in April 2012.

Plaintiff was granted an extension of time to file this motion for reconsideration. ECF No. 241. In this motion, Plaintiff claims that there are numerous exhibits and information within exhibits that were filed in support of his motion for continuance (ECF No. 212) that must now be sealed. *See* ECF No. 246-1 (Declaration of James Curtis).

Under Local Rule CR7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. That standard has not been met in this case. Plaintiff filed a motion to seal "certain documents" in *anticipation* of filing a response to the Defendant's motion for summary judgment. The Court advised Plaintiff of the appropriate procedure for filing documents under seal so that the Court could properly rule on whether it is appropriate to seal the documents. In the meantime, Plaintiff filed numerous documents in support of his motion for continuance and despite his contention that they

1  contain "life-threatening" information, he did not submit the documents under seal.

2  Accordingly, the motion for reconsideration will be denied.

3      However, in light of Plaintiff's allegations relating to the "life-threatening nature" of the documents he has now specifically identified in his supporting declaration (ECF No. 246-1), the Court will treat Plaintiff's motion for reconsideration as a motion to seal those specifically identified documents.  Before ruling on the issue, Defendant shall be given an opportunity to respond to Plaintiff's motion.

    Accordingly, it is **ORDERED:**

(1)    Plaintiff's motion for reconsideration (ECF No. 246) is **DENIED.**

(2)    Defendant shall file a response to Plaintiff's request to seal the documents specifically identified in Plaintiff's Declaration (ECF No. 246-1) **on or before August 10, 2012.**

(3)    The Clerk shall send copies of this Order to Plaintiff and counsel for Defendant.

**DATED** this __23rd__ day of July, 2011.

    Karen L. Strombom
United States Magistrate Judge