UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD CURTIS,

                Plaintiff,

    v.

WILLIAM E. RILEY,

                Defendant.

No. C08-5109 BHS/KLS

ORDER DIRECTING CLERK TO SEAL DOCUMENTS

On April 12, 2012, Plaintiff filed a motion to seal certain unidentified documents that he anticipated filing in response to Defendant Riley's motion for summary judgment. ECF No. 210. The motion was denied because Plaintiff failed to identify the documents for the Court's review. ECF No. 232.

On April 17, 2012, Plaintiff filed a Motion for Discovery Continuance Pursuant to Fed. R. Civ. P. 56(d). (ECF No. 212). The motion was supported by over 1200 pages of exhibits and included the Declarations of Robert Strohmeyer (Plaintiff's former counsel), Plaintiff, and a fellow inmate, Laurance Kisinger. ECF Nos. 213; ECF Nos. 214 through 224; and ECF Nos. 226-229. None of the exhibits or declarations were filed in accordance with CR 5(g). Plaintiff did not seek leave to seal any of the exhibits or declarations at the time the motion for discovery was filed in April 2012.

On June 21, 2012, Plaintiff moved for reconsideration of the Court's Order denying his motion to seal. ECF No. 246. In his motion for reconsideration, Plaintiff claimed that there are numerous exhibits and information within exhibits that were filed in support of his motion for continuance (ECF No. 212) that must be sealed. *See* ECF No. 246-1 (Declaration of James

ORDER - 1

Curtis).  The Court denied the motion for reconsideration but directed Defendant to respond to Plaintiff's allegation that numerous documents attached to his motion for continuance should be sealed because they were of a "life-threatening nature".  ECF No. 247.  He asserts that the information contained therein may subject various inmates and/or their families to physical harm or death because it exposes that the inmates cooperated with or provided information to prison officials and are therefore considered to be "snitches".

Defendant agrees with the general proposition advanced by Plaintiff that information showing that an inmate is a "snitch", i.e., a prisoner who has cooperated with or provided information to prison officials, may place the inmate at risk of being physically assaulted or perhaps even killed by other prisoners.   ECF No. 254, at 2 citing *Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989) (prison employee's labeling of an inmate as a "snitch" may violate the inmate's constitutional rights by subjecting the inmate to violence or threats of violence from other inmates).  Defendant further agrees with Plaintiff that the specified portions of his and attorney Strohmeyer's declarations and the exhibits he attached to his declaration which explicitly identify an inmate or inmates as snitches, place such inmate or inmates at risk of physical harm.  Because of the possible risk of harm to the inmates Plaintiff has identified as snitches in his filings with this Court, Defendant does not oppose Plaintiff's motion to seal his filings containing such information.  *Id.*

However, Defendant points out that Plaintiff has not identified and listed all information that exposes inmates as snitches.  For example, paragraph no. 225 on page 31 of Plaintiff's declaration (ECF 214) contains information about an inmate who debriefed with prison officials and would therefore be considered a snitch.  Another example is paragraph no. 228 on page 32 of

ORDER - 2

Plaintiff's declaration (ECF 214) which also contains information/allegations that a named inmate was an informant/snitch.

Defendant suggests that Plaintiff's voluminous filings supporting his motion for discovery continuance likely contain information that the parties have not identified that may expose particular inmates to physical harm.  Defendant suggests that the Court seal all Plaintiff's evidence supporting his motion for a discovery continuance (ECF 213 through ECF 229).  The Court agrees.

The Court cautions the Plaintiff to not file documents in this case, which should be sealed, with documents in this case that should be available to the public.  Should this occur again in the future, the Court will simply return the pleadings to the Plaintiff and they will not be considered by the Court.

Accordingly, it is **ORDERED:**

1) The Clerk is directed to place the exhibits filed at ECF No. 213 through ECF No. 229 **under seal.**

2) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendant.

**DATED** this 9th day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3